Joseph A. **KLINE**

v.

McLEAN TRUCKING COMPANY.

Civ. A. No. 54–998.

United States District Court
D. Massachusetts.

April 13, 1955.

---

Joseph A. Kline pro se.

Francis E. Barrett, Jr., James Julian Weinstein, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is an action of contract in which the defendant moves to dismiss. The complaint alleges that the plaintiff, a broker dealing in motor carrier li-

censes, had listed with him by The Gore Freight Line, Inc., Gore's operating certificate; that at the request of the defendant he furnished it with certain information and services, as a result of which the defendant was able to purchase the certificate from Gore, and that the defendant owes him a finder's fee, or the fair value of his services. The defendant's motion to dismiss is founded, in part, on the claim that the plaintiff was acting for Gore, and cannot recover from the defendant. The fact that Gore "listed" its property with the plaintiff does not necessarily establish a contract of employment. Walsh v. Grant, 256 Mass. 555, 152 N.E. 884, 47 A.L.R. 852. Although the complaint is perhaps not too artistic, I will not hold that it fails altogether to state a cause of action, or necessarily implies that the plaintiff acted in an improper dual capacity.

■ A more troublesome question arises out of the peculiar nature of the property with which this action is concerned. The acquisition of a motor carrier authority requires, of course, the approval of the Interstate Commerce Commission. The Commission has power, in considering this question, to examine all aspects of the situation, including acquisition costs. M. & M. Transportation Co. v. United States, D.C.Mass., 128 F.Supp. 296. Brokerage fees are part of such costs. Red Star Express Lines of Auburn, Inc.—Purchase—Seifert, 60 M.C.C. 1.

In the light of this fact the defendant, at the I.C.C. hearing, brought out the existence of the plaintiff's claim, stating that it denied its validity, and asking the Commission, in approving its acquisition of the certificate, to limit its potential liability to the plaintiff to a maximum of $1,500. The plaintiff was notified of the hearing—he was, of course, vitally interested in the approval being given—but he did not appear. The Commission, after recording these facts, said,

"We are unable to give consideration to what would be a reasonable commission, or finder's fee, if any, in the absence of pertinent information, including the amount agreed upon by the parties, the services actually performed, and evidence that payment thereof may properly be found to be just and reasonable and consistent with the public interest. Accordingly, our findings shall not be construed as approving or sanctioning the payment by vendee or vendor of any commission, or finder's fee, in connection with the transaction." McLean Trucking Company — Purchase— Gore Freight Line, Inc., 59 M.C.C. 393, 397.

I confess I do not find this language altogether clear. Does it purport to be a ruling by the Commission that as matters now stand the plaintiff cannot recover any amount, and that his only remedy is to apply to the Commission for consideration?

■ There is nothing in § 5 which requires the I.C.C. to pass on every item of acquisition costs—its duty is merely to find that the acquisition is "consistent with the public interest." Whatever that may mean, cf. M. & M. Transportation Co. v. United States, supra. I do not construe it as obligating the I.C.C. to pass on such incidentals as the reasonableness of a broker's or finder's fee.[1] But cf. Schwabacher v. United States, 334 U.S. 182, 68 S.Ct. 958, 92 L.Ed. 1305. On the other hand, if the Commission elects to pass on such a matter it does come within its jurisdiction, and there would then arise the question of the "primary jurisdiction" rule. See Thompson v. Texas Mexican Ry. Co., 328 U.S. 134, 147, 66 S.Ct. 937, 90 L.Ed. 1132.

1. The only at all relevant matter that the Commission was required to consider, outside of the public interest generally, was the "total fixed charges resulting from the proposed transaction". 49 U.S.C.A. § 5(2) (c). It does not appear that the plaintiff's fee was of such dignity as to affect such charges.

I construe the quoted language from the Commission's decision as indicating a willingness on its part to assume jurisdiction over certain aspects of this matter, and a suggestion that in its opinion the payment of this fee, and the amount of it, is bound up with the public interest. This is a subject on which the Commission has peculiar knowledge. Cf. Rochester Tel. Corp. v. United States, 307 U.S. 125, 139, 59 S.Ct. 754, 83 L.Ed. 1147.

See also, D.C., 15 F.R.D. 1.

██ Since the matter was not one on which the Commission necessarily had to pass, I do not think the plaintiff should be forever barred because he failed to appear at the original hearing. However, I instruct him now to apply to the Commission to give it the opportunity, either positively to evidence a lack of interest and decline jurisdiction, or to determine what reasonable amount, if any, it would approve as within the public interest. Until then I will not pass on that, or on the question of liability. Thompson v. Texas Mexican Ry. Co., supra.